Matter of the Judicial Settlement of the Account of
WILLIAM A. MONTROSS, as Substituted Trustee under
the Last Will and Testament of AUGUSTUS G.
RAMPPEN.

(Surrogate's Court, Kings County, July, 1918.)

**Wills** — life beneficiary not entitled to arrears of income from principal — trustees.

Where the beneficiary for life of income dies without having received all the income directed to be paid to her by the will because of the acts of the defaulting trustee, and none of such income is in the hands of the successor trustee, a claim of the legal representatives of said beneficiary that the arrears of income should be paid to them from the principal of the trust fund cannot be allowed.

PROCEEDING upon the judicial settlement of the account of a substitute trustee.

Lewis B. Conklin, for trustee.

Charles J. Buchner (Richard Mott Cahoone, of counsel), for executor, James F. Cahill.

Frank C. McKinney, for administratrix, Lula M. Wilson.

Peck & Hancock (John T. Hancock, of counsel), for the Hospital of the Holy Family.

Owens, Gray & Tomlin, for Home for the Aged of the Little Sisters of the Poor.

Robert B. Bach, special guardian.

Surrogate's Court, Kings County, July, 1918.   [Vol. 104.

KETCHAM, S.   The only portion of the estate which has escaped the devastation of the former trustee is a mortgage which was owned by the testator and for which the successor trustee now accounts.   The will devised the residuary estate in trust to pay, to a person named, " out of the rents, issues and profits thereof, the sum of $600 yearly, for and during her natural life," and at her death devised the trust estate to certain institutions.

The beneficiary for life having died without receiving all the income provided for her by the will, her representatives claim that the arrears of such income should now be paid to them from the principal remaining intact.

The only meaning of the will was that she should be paid from income.   It is plain that the depredations of the original trustee involved every form of property which was devoted to her benefit.   This appears from the fact that the only assets left untouched by the defaulter are still in the same investment in which they were left by the testator.   Hence, her share of the income was lost by the act of the trustee, and none of the income demonstrated by the will as a source of payment to her can be found in the hands of the successor trustee.   That which was given to her is gone. That which remains was given to others.

The distribution of the residuary estate must be to the residuary legatees.

Parties opposing the decree proposed in behalf of the trustee may submit their amendment in accordance with rule XVIII.

Decreed accordingly.